

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**DARRELL UNDERWOOD**, *et al.*,

      Plaintiffs,

v.                                    Civil Action No. **3:12CV734**

**MICHAEL R. GILL**, *et al.*,

      Defendants.

## MEMORANDUM OPINION

Darrell Underwood,[1] a federal inmate proceeding *pro se* and *in forma pauperis*, filed this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

### A.    Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a

---

[1] On May 8, 2013, the Court dismissed Cynthia Underwood as a party to the action. (ECF No. 9).

plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face" rather than merely "conceivable." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *see Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and

2

constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.    Summary of Allegations

In his Complaint for Damages, Underwood names as Defendants Michael Gill and Laura Marshall, two Assistant United States Attorneys who criminally prosecuted Underwood, and William LeFevre, a Special Agent of the Criminal Investigation Division of the Internal Revenue Service. (*See* Compl. 8, ECF No. 1.) Underwood contends that Defendants violated his rights under the Fifth,[2] Sixth,[3] and Fourteenth[4] Amendments based on actions that occurred during the course of the criminal proceedings. (*Id.* at 10–12.) Specifically, Underwood argues that Defendants' actions during the criminal prosecution violated his right to due process "including but not limited to, the loss of Plaintiff['s] properties, which ultimately exacerbated loss calculations in relation to restitution and severely affected the short-term private investors." (*Id.* at 11.) Underwood faults Defendants Gill and Marshall for "filing an initial restraining order which precluded Plaintiff[ ] from further liquidating" his business's assets, (*id.* at 6), filing an Indictment against him for various acts of fraud and money laundering (*id.* at 7), "at no time . . . protect[ed] the assets of Plaintiff[ ]" which "triggered a loss to victims" (*id.*), knowingly using false documentation about the worth of Underwood's business (*id.* at 9), and placing a lien on

---

[2] "No Person shall be . . . deprived of life, liberty, or property without due process of law . . . ." U.S. Const. amend. V.

[3] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[4] "No State shall . . . deprive any person of life, liberty, or property without due process of law . . . ." U.S. Const. amend. XIV § 1.

Underwood's mother's primary residence. (*Id.*)   Underwood demands monetary damages and a "declaratory judgment finding that the foregoing actions of the Defendants" violate his constitutional rights. (*Id.* at 13.)

### C.   Analysis

#### 1.   Federal Claims

Underwood alleges that his constitutional claims arise under 28 U.S.C. § 1331.   Because Defendants are federal officers, Underwood apparently invokes *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).   Prosecutorial immunity bars Underwood's claims against Defendants Gill and Marshall.   *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Ehrlich v. Giuliani*, 910 F.2d 1220, 1222 n.2 (4th Cir 1990) (explaining that *Imbler* and related cases apply with equal force to *Bivens* actions); *see also Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *3–4 (E.D. Va. Dec. 3, 2009).   Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430.   To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994).   Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273.   Defendants Gill's and Marshall's actions in preventing Underwood from liquidating assets, obtaining an

4

Indictment against Underwood, and presenting evidence against Underwood were actions taken in their role as advocates for the United States. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"); *Carter*, 34 F.3d at 263 (observing "that the presentation of false testimony in court is a charge for which the prosecutor is afforded absolute immunity") (citation omitted). Accordingly, Underwood's claims against Defendants Gill and Marshall will be DISMISSED WITH PREJUDICE.

Underwood's claim against Defendant LeFevre also fails to state a claim for relief. At most, Underwood states that Defendant LeFevre possessed documentation that Underwood's company had a greater asset value than he swore to in his affidavit. (Compl. 8-9.) Thus, the Court infers that Underwood argues that Defendant LeFevre provided false testimony to deprive Underwood of property without due process.

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss claims which the relevant statute of limitations clearly bars. *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-57 (4th Cir.2006); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)). Because no explicit statute of limitations for *Bivens* actions exists, the courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)); *see Taylor v. United States*, No. 1:10cv109 (AJT/IDD), 2011 WL 9160526, at *1 (E.D. Va. May 3, 2011) (citing *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995)) (explaining that *Bivens* actions like those brought pursuant to § 1983 governed by state statute of limitations). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2014). Hence, Underwood should have filed his Complaint

within two years from when the underlying claims accrued. "A claim accrues when the plaintiff

becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when

he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond*

*v. Sisk*, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original)

(quoting *Nasim*, 64 F.3d at 955).

Underwood filed his Complaint on October 4, 2012.[5] Thus, for Underwood's claims

alleging Defendant LeFevre provided false testimony to be timely, the claims must have accrued

after October 4, 2010. The Complaint fails to contain any facts indicating that Underwood's

claims accrued after May 1, 2010. Instead, Underwood challenges testimony that Underwood

would have been aware of, at the latest, by his sentencing on October 6, 2009. *See United States*

*v. Underwood*, 3:08CR524-001 (E.D. Va. Oct. 6, 2009). Accordingly, Underwood's claims

against Defendant LeFevre are untimely filed.

A Plaintiff may be entitled to deferred commencement of the limitation period when the

Plaintiff raises claims which, if true, would establish the invalidity of his conviction. *See Heck*

*v. Humphrey*, 512 U.S. 477, 488-89 (1994); *see, e.g.*, *Wallace v. Kato*, 549 U.S. 384, 392-93, 396

(2007) (explaining that a malicious prosecution claim fails to accrue until the underlying

conviction is invalidated but that a false arrest claim accrues at time claimant becomes detained

pursuant to the legal process). In *Heck*,[6] the Supreme Court stated that:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would

---

[5] Underwood signed his Complaint on this date. (Compl. 13); *see Houston v. Lack*, 487 U.S. 266, 276 (1988).

[6] While Heck discusses a challenge brought pursuant to 42 U.S.C. § 1983 against state actors, the rationale in *Heck* and related cases applies with equal force to *Bivens* actions. *See Omar v. Chasanow*, 318 F. App'x 188, 189 n* (4th Cir. 2009) (citing *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). Thus, a cause of action "that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever." *Potts v. OSHP Trooper M.E. Hill*, 17 F. App'x 302, 305 (6th Cir. 2001). Accordingly, to receive the benefit of the deferred accrual date for his claim, Underwood must demonstrate that his conviction and sentence has been invalidated. Underwood fails to do so.

Underwood seemingly bases his claim against Defendant LeFevre on the assertion that Defendant LeFevre provided untruthful information in violation of due process, a claim that would necessary imply that his conviction was invalid and would be barred by *Heck. See Bell v. Defricke*, No. 3:07CV522, 2001 WL 4279468, at *3 (E.D. Va. Sept. 17, 2008) (citing *Giglio v. United States*, 405 U.S. 150, 153 (1972); *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Wilson v. Crouch*, No. 7:07cv00433, 2007 WL 2751785, at *1 (W.D. Va. Sept. 19, 2007) (finding claim for monetary damages barred by *Heck*, where plaintiff alleged government witness fabricated testimony and that prosecutors used the perjured testimony, absent a showing that the underlying conviction had been reversed or vacated)); *cf. Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (concluding claim that probation officer falsely testified at probation revocation hearing, necessarily implied invalidity of probation revocation conviction, and was barred by *Heck*). Underwood provides no allegation that the Court has invalidated his current convictions. *Heck*, 512 U.S. at 486-87. Accordingly, the claims Defendant LeFevre will be DISMISSED for failure to state a claim.

## 2.   Diversity Claims

Underwood also brings state law claims against Defendants, and the Court may only exercise diversity jurisdiction for those claims. Diversity jurisdiction is proper only when the amount in controversy exceeds $75,000.00 and the diversity of state citizenship among the parties is complete. 28 U.S.C. § 1332;[7] *see Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). Defendants are residents of Virginia. Underwood's complaint and the Court's records reflect that, prior to his arrest, Underwood lived in and was a resident of Midlothian,Virginia. (*See* Presentence Investigation Report 2; *United States v. Underwood*, 3:08CR524-001 (E.D. Va. prepared Aug. 13, 2009).) Underwood now claims Pennsylvania, his place of incarceration, as his domicile. (Compl. 2.)

A rebuttable presumption exists that a prisoner does not acquire a new domicile in the state of his incarceration, but retains the domicile he had prior to his incarceration. *Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977). To rebut the presumption that he or she retains the pre-incarceration domicile, a prisoner must "show truly exceptional circumstances" and

---

[7] The statute provides in relevant part:

  (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
    (1) citizens of different States;
    (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

8

"introduce more than 'unsubstantiated declarations.'" *Id.* at 251 (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973)). At the pleading stage, the prisoner "must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." *Id.*; *accord Roberts v. Morchower*, No. 91-7688, 1992 WL 42885, at *1 (4th Cir. Mar. 4, 1992).

The Court infers that Plaintiff believes the Court has diversity jurisdiction because of his current incarceration in Pennsylvania (*see* Compl. 2-3), but he advances no argument in support of his changed domicile. Therefore, Underwood has not pled facts sufficient to plausibly suggest that he has changed his domicile to Pennsylvania from Virginia. *See Goad v. Gray*, No. 3:10CV326, 2010 WL 4735816, at *4 (E.D. Va. Nov. 15, 2010) (citing *Jones*, 552 F.2d at 251); *see also Goad v. Goad*, No. 5:10CV00139, 2011 WL 39093, at *2 (W.D. Va. Jan. 5, 2011) (citing same). Accordingly, the Court will DISMISS WITHOUT PREJUDICE the state law claims for lack of subject matter jurisdiction.

Accordingly, the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/

James R. Spencer
Senior U. S. District Judge

Date: 3-30-15
Richmond, Virginia

9